IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JULIA GRAVES, as Administratrix of the Estate of Uniece Fennell, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV316 |
| CLARENCE BIRKHEAD, Sheriff, Durham County, | ) ) ) | |
| MICHAEL D. ANDREWS, Former Sheriff, Durham County, | ) ) ) | |
| WELLPATH, | ) ) | |
| MICHELLE HENDERSON, former Correctional Officer, Durham Co. Detention Facility, | ) ) ) ) ) | |
| FNU JACKSON, Sergeant, Durham Co. Detention Facility, | ) ) ) ) | |
| FNU TAYLOR, Correctional Officer, Durham Co. Detention Facility | ) ) ) ) | |
| TANISHA STRIPLING, Correctional Officer, Durham Co. Detention Facility, | ) ) ) ) ) | |
| DURHAM COUNTY, | ) ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, As Surety | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This matter is before the court on the parties' Joint Motion for Approval of Settlement Agreement (Doc. 2) and Joint Supplement to Motion for Approval of Settlement Agreement (Doc. 8).

This case arises out of the death (by suicide) of Uniece Fennell, a minor, on March 23, 2017, while in the custody of the Durham County Detention Facility. Plaintiff Julia Graves is the decedent's surviving parent and duly appointed Administratrix of her estate. On March 21, 2019, Plaintiff Julia Graves, as Administratrix of the Estate of Uniece Fennell, filed this wrongful death and survivorship action, alleging that Uniece Fennell died as a result of Defendants' deliberate indifference.

The parties engaged in a good faith a pre-filing mediated settlement conference. They arrived at a mutually-agreeable settlement and subsequently filed the Joint Motion for Approval of Settlement Agreement. The court directed that the Joint Motion be supplemented with additional information (Doc. 7), and the parties have done so (Doc. 8).

After due consideration, the court finds the Parties have demonstrated the settlement complies with the law and the Joint Motion, as supplemented, should be granted. The court finds that the settlement is fair and reasonable and that the gross settlement amount is fair and reasonable compensation for this wrongful death claim. In particular, the court notes that Plaintiff brought

claims of deliberate indifference, pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988, against the individually-named Defendants, alleging an array of wrongful acts, including a deliberate failure to act following evidence of Ms. Fennell's suicidal ideation and an awareness of a pattern of suicide deaths and attempts by hanging at the Durham County Detention Facility over a several year period of time. Moreover, Plaintiff sued Defendant Durham County alleging violations of sections 1983 and 1988 for alleged failure to provide appropriate, necessary, and adequate medical care to Ms. Fennell. Plaintiff additionally brought several state law claims. Defendants have provided evidence of facts to rebut Plaintiff's claims and note multiple efforts over the years, including more recently, to address safety issues at the Durham County Detention Facility. The parties negotiated the settlement of the case during a mediation that lasted nearly 13 hours. The settlement takes into consideration the efforts made by the County and Sheriff over the course of the discussions. (Doc. 8 at 20.) The settlement also reflects a fair assessment of the monetary value of the case in light of disputed facts, the legal standards, and settlements identified by the parties in cases deemed to be similar. (Id. at 21.) The court finds the settlement amount to be reasonable.

Plaintiff Julia Graves has signed a retainer agreement entitling her attorneys, the Southern Coalition for Social

3

Case 1:19-cv-00316-TDS-JLW   Document 9   Filed 04/19/19   Page 3 of 5

Justice, to 25% of the settlement amount. Her other attorney, William Ehlies, II, of Greenville, South Carolina, has agreed to waive all attorney's fees in this matter, and his costs have been paid by the Southern Coalition for Social Justice. The terms and conditions set out in the Settlement Agreement (Doc. 2-2 at 6-7) and incorporated Memorandum of Agreement (Doc. 2-2 at 1-5), which have been signed by all parties, are fully incorporated into this Order and are set forth as the terms and conditions of this Order approving the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) (stating federal court may maintain "ancillary jurisdiction to enforce the agreement" where "the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision . . . or by incorporating the terms of the settlement agreement in the order").

For these reasons, therefore,

IT IS ORDERED that the parties' Joint Motion for Approval of Settlement Agreement (Doc. 2), as supplemented (Doc. 8), is GRANTED.

IT IS FURTHER ORDERED that the terms and conditions set out in the Settlement Agreement are fully incorporated as the terms and conditions of this Order.

IT IS FURTHER ORDERED that the amounts recovered be distributed in the manner set out by Plaintiff's retainer with her counsel, the Southern Coalition for Social Justice.

4

IT IS FURTHER ORDERED that all claims against Defendants are DISMISSED WITH PREJUDICE, each party to bear her or its own costs and attorneys' fees.

The Clerk of Court is directed to close this file.

       /s/    Thomas D. Schroeder
United States District Judge

April 19, 2019